## HARWELL *et al.* *v.* FOSTER, executor.

A sale of land by an administrator or executor, under an order of the court of ordinary, is in the nature of a judicial sale. A sale by an executor acting under the authority of a power conferred by a will, while legal within the limits prescribed, is in no sense judicial in its character. The sections of the code authorizing the interposition of claims where executors or administrators are proceeding to sell land, limit this right to cases where the sale is proceeding under an order, or where proceedings are being taken in such court for legal authority to make the sale. There being none of the qualities of judicial sanction to a sale by an executor independently of the action of the court adjudicating the necessity therefor, the right to interpose a claim in such cases does not exist.

Argued June 28, — Decided July 20, 1897.

Claim. Before Judge Hart. Morgan superior court. September term, 1896.

To land advertised for sale by F. C. Foster, executor of A. G.

Foster, as property of the estate of the testator, a claim was interposed by Mattie V. Harwell and others. When the claim case was called, it was admitted that the executor was proceeding to sell the land in question by authority of the will of the testator, and not by order of the court of ordinary; whereupon the executor made a motion to dismiss the claim, on the ground that the law did not authorize the filing of a claim to property advertised for sale by an executor by authority vested in him by the will of his testator and not by an order of court. The court sustained the motion, and claimants excepted.

*E. F. Edwards, George & George* and *J. H. Holland,* for plaintiffs in error.

*F. C. Foster,* contra.

SIMMONS, C. J.    Claims by third persons to arrest sales are purely the offspring of statute. If there be no statute allowing a claim, none can be filed; the person whose property is advertised for sale must resort to his common-law remedies. The statutes of this State have provided a remedy by claim in those cases only where the sale of the property is authorized by the judgment of a court. In cases of executors and administrators, third persons are allowed to claim where the executor or administrator "shall advertise that it is his intention to apply for leave to sell any real estate as the property of his testator, intestate,  . .  or having obtained such order," or where he shall "advertise to sell any personal property as the property of his testator, intestate," etc. The case now under consideration does not fall within any statute of this State authorizing a claim. The executor had the power under the will to sell at private sale without leave from any court, and was proceeding to exercise this power. Section 4630 of the Civil Code applies only to cases where the executor or administrator is making application to the ordinary for leave to sell, or where such leave has been granted. In this case no application to the ordinary has been made, nor was such application necessary under the law. As the remedy by claim is the creature of statute, and the statute

·does·not provide such remedy in cases like the one now under·
·consideration, no claim could be filed, and the court did not
err in·dismissing the same.

*Judgment affirmed. All the Justices concurring.*