# SEYMOUR *et al. v.* NATIONAL BUILDING AND LOAN ASSOCIATION OF MONTGOMERY, ALABAMA.

1. A sale of real estate at public outcry by a mortgagee, under a power in the mortgage authorizing him to sell at public or private sale, is not binding upon the purchaser or the mortgagee unless a memorandum is made as prescribed by the statute of frauds.

2. While such a sale is, for some purposes, equivalent to a sale under a foreclosure of the mortgage by a court of competent jurisdiction, it is not such a judicial sale, under the code, as not to require such a memorandum.

Submitted June 27, — Decided August 9, 1902.

Equitable petition. Before Judge Littlejohn. Dooly superior court. September 4, 1901.

*J. T. Hill,* for plaintiffs in error. *Thomson & Whipple,* contra.

SIMMONS, C. J. An equitable petition for specific performance was filed by Seymour against the National Building and Loan Association of Montgomery, Alabama. The defendant filed an answer in the nature of a cross-bill, to which Varnedoe was made a party. It was admitted that the case made by this answer was controlled by the result of the main case. From the evidence it appeared that the defendant, acting under a power of sale contained in a security deed to it from Varnedoe, had advertised certain property of Varnedoe's for sale. At the appointed time and place an agent of the defendant appeared and sold the property at pub-

lic outcry, the plaintiff being the highest bidder. The property was knocked off to plaintiff, but no deed or written memorandum was made. Subsequently the defendant refused to consummate the sale by making deeds, and the plaintiff filed his equitable petition to enforce the sale. The defendant filed several pleas, one of which was that the sale could not be enforced, because no memorandum had been given as required by the statute of frauds. On the trial the court, on motion of the defendant, granted a nonsuit. The defendant was then permitted to withdraw its motion for a nonsuit and ask the direction of a verdict. The court then directed a verdict in favor of the defendant. Exception is taken to the direction of the verdict, and to the judge's allowing the motion for a nonsuit to be withdrawn.

The question is made, therefore, whether this sale was within the statute of frauds. The plaintiffs in error contended that it was not, for the reason that this sale was equivalent to a strictly judicial sale, and that such a sale was effectual and enforceable without a written memorandum. After a careful consideration of the case we have come to a contrary conclusion. That sales by auction are within the statute of frauds is settled in this State. *White* v. *Crew*, 16 *Ga.* 416; Civil Code, § 3527. It has, however, been expressly provided that "no note or memorandum in writing shall be necessary to charge any person at a judicial sale." Civil Code, § 5448. The present case does not come within this provision; for the sale was not a judicial sale within the meaning of the statute. In this State the term "judicial sale" is used to denote more than what is known in the text-books as such, and includes execution sales. It does not, however, include a sale of the character now in question. In *Mutual Loan & B. Co.* v. *Haas*, 100 *Ga.* 111, it was held that a sale under a power given in a mortgage was equivalent to a sale under a foreclosure of the mortgage by a court of competent jurisdiction, and had the same effect as to cutting off liens junior to the mortgage. It would be an extension of this decision to hold that this was a judicial sale within the meaning of the code section cited above. A sale under the power or a sale under a proper foreclosure would, either of them, have the effect of cutting off junior liens. Either method, so pursued as to result in a valid and binding sale, would have this result. But this is no reason for omitting an essential part of the method pursued, merely because such part would

not have been essential had the mortgagee elected to pursue the other method. Where a power of sale in a mortgage is coupled with an interest, it is irrevocable, and junior liens are taken subject to the lien of mortgage. A purchaser under a sale by virtue of the power is as much protected from junior liens as though the sale had been under a foreclosure proceeding in a proper court. Such purchaser must, however, see to it that the sale is so conducted as to be valid and binding. There must be a valid and binding sale before it can have the effect of a foreclosure sale, or, indeed, any effect at all. Had a proper memorandum been made and this sale been binding, it would have had the force and effect of a foreclosure sale. As the memorandum required by the statute of frauds was not made, the sale was not enforceable at all. It was also contended that the contract had been executed. This contention was based on the fact that Seymour, by an arrangement with Varnedoe, had gone into possession of the land and had tendered the purchase-price to the defendant. There is nothing in these facts to constitute the sale an executed one, so as to take it out of the statute. The power of sale had been given to the defendant, and Varnedoe had no authority by any act of his to execute an unenforceable sale made by the defendant under the power. Nor does the tender of the money avail, for it appears that the tender was refused by the defendant on the ground that the sale was not valid or binding. For these reasons the court properly held that the sale was not enforceable.

There was no error in allowing the defendant to withdraw its motion for a nonsuit. It appears that the court had orally announced that it would sustain the motion, but no order had been taken. It was accordingly within the discretion of the court to allow the motion to be withdrawn. Then, as the evidence was such as to demand a finding for the defendant, there was no error in directing a verdict accordingly.

*Judgment affirmed. All the Justices concurring, except Lewis, J., absent.*