SARAH De SILVA *v.* STATE OF MISSISSIPPI.

[45 South., 611.]

1. CRIMINAL LAW AND PROCEDURE. *Assault and battery. Evidence. Cause of trouble.*

In a prosecution for assault and battery, the difficulty having arisen from defendant's presenting several obscene postal cards received by her daughter and charging that the prosecutrix sent them, it was error to exclude the cards as evidence since they were the cause of the trouble.

2. SAME. *Instruction.*

In such case, there being testimony of which to predicate it, a defendant's instruction announcing that defendant's presenting the cards to prosecutrix and telling her to take them did not authorize her to strike defendant should not have been refused.

FROM the circuit court of Harrison county.

HON. WILLIAM H. HARDY, Judge.

Madame De Silva, appellant, was indicted and tried for assault and battery upon Margaret Harvey, the prosecutrix,

convicted and sentenced to pay a fine of five dollars and costs, and appealed to the supreme court.

The appellant's daughter had received several insulting anoymous postal cards and because of the similarity of the prosecutrix's handwriting to the written address upon the cards, appellant assumed that she had written them and meeting her on the streets of Biloxi accosted her and charged her with having mailed the cards. Sharp words ensued between the two, followed quickly by a personal altercation wherein the prosecutrix sustained personal hurt.

On the trial appellant sought to introduce in evidence the cards, but the court, on the objection of the state, refused to permit them to be introduced, although the testimony of the prosecutrix and of other witnesses for the state made reference to them, and it was shown in evidence by the state that when Madame De Silva first met the prosecutrix, just before the striking, she presented the cards to her and demanded their reception by her.

The third instruction asked by appellant, but refused, was as follows: "The court instructs the jury for the defendant that the fact that Madame De Silva presented prosecutrix with the cards and told her to take them, did not authorize prosecutrix to strike Madame De Silva."

Appellant contended that this instruction should have been granted, since appellant testified that the Harvey woman struck the first blow.

*J. H. Mize,* for appellant.

The trial court should have permitted the cards which appellant had in her hands and presented to the Harvey woman at the time of the difficulty, to be admitted in evidence before the jury. They were the cause of the whole trouble. This is the first instance where a specific thing which caused a difficulty has been denied admittance in evidence on a trial of a party for participation in that difficulty.

The third instruction for appellant was refused. It informed the jury that the fact that Madame De Silva presented the Harvey woman with the cards and told her to take them, did not authorize the latter in striking the madame. We are unable to see on what ground this instruction was refused. While it assumes, as a fact, that Madame De Silva presented the cards to the Harvey woman and told her to take them, this is not denied by any witness. And it is not disputed that the Harvey woman struck Madame De Silva first and knocked her down. As a proposition of law, to talk to a person and tell him or her to take certain postal cards does not authorize such person to strike the one presenting the cards. It was error in the lower court to refuse the third instruction for appellant.

*George Butler, assistant* attorney-general, for appellee.

It was not shown in evidence that the Harvey woman sent the cards to appellant, but if she did send them, such action on her part would not justify the assault by appellant. The cards were addressed to a daughter of the appellant, and not to the appellant herself. The appellant was unable to say on oath that the handwriting of the address on the cards was Mrs. Harvey's. As the handwriting was not identified by any witness, the cards were of course not competent evidence.

The third instruction asked for by appellant and refused by the court assumes as true a dispute fact. Counsel for appellant seem to overlook the testimony which contradicts the appellant's in every material detail.

Whitfield, C. J., delivered the opinion of the court.

The court should not have excluded the cards. They were the cause of the whole trouble.

It was fatal error to refuse instruction No. 3 asked for the defendant. It is true that it was a disputed matter whether all that Madame De Silva did was to present Mrs. Harvey, prosecutrix, with the cards, telling her to take them; but the

testimony of the defendant supports this fully, and she had the right to have an instruction presenting her theory of the case to the jury.

*Reversed and remanded.*