BENJAMIN G. WALDROP v. STATE OF MISSISSIPPI.

[48 South. 609.]

1. CRIMINAL LAND PROCEDURE. *Assault and battery with intent to kill and murder. Evidence. Pertinancy.*

In a prosecution for assault and battery with intent to kill and murder evidence as to improper communications claimed to have been written by defendant to the wife of the prosecuting witness was not pertinent to the issue being tried, since proof of the fact that defendant sent the objectionable communications did not show any reason why he should assault the husband of the woman to whom they were sent.

2. SAME. *Instruction limiting self-defense.*

An instruction limiting the right of self-defense adjudged inapplicable.

FROM the circuit court of Harrison county.

HON. WILLIAM H. HARDY, Judge.

Waldrop, appellant, was indicted and tried for and convicted of an assault and battery with intent to kill and murder, sentenced accordingly, and appealed to the supreme court.

The wife of the prosecutor received a postal card and a letter to which the name of appellant was signed; the writing being of an objectionable character, her husband interviewed appellant touching them and appellant denied having written or sent them. Afterwards, during the same day, the prosecutor and appellant met in the street, near prosecutor's residence, and, some words having been passed between them, began shooting at each other. They were each indicted for an assault with intent to kill and murder the other. The prosecutor was tried first and the lawyer who defended him was the witness, Gex, referred to in the opinion of the court, and on that trial he was permitted to cross-examine appellant, a witness for the state therein, and elicited from him information touching the card and the letter.

When appellant was tried, the state made a witness of Gex and, over defendant's objection, the court allowed him to testify touching his cross-examination of appellant as a witness in the other case, and the writing and sending of the objectionable card and letter, and the card and letter, over objection, were introduced in evidence by the state.

The first instruction for the state, referred to in the opinion of the court, was as follows:

"(1) The court instructs the jury, for the state, that if they believe from the evidence in this case beyond a reasonable doubt that defendant Waldrop forwarded or directed to be forwarded to Mrs. R. A. Sellier's residence the letter in evidence, and then rode up to R. A. Sellier's residence and provoked the difficulty, and entered the difficulty armed with a deadly weapon, and so brought the difficulty on and entered it, intending to use his pistol and overcome Sellier, and caused and provoked Sellier to advance on him with a pistol in his hand, defendant had no right to shoot at Sellier, although defendant may have been in danger of suffering great bodily harm from Sellier at the time of the shooting, unless the jury from the evidence have a reasonable doubt that the defendant had abandoned the difficulty at the time of the shooting."

*J. H. Mize,* for appellant.

The court below erred in admitting in evidence the postal card.

There is no evidence to show that Waldrop sent this card to Mrs. Sellier. He absolutely denied sending it. Sellier says he didn't know who sent it. Cox could not remember that Waldrop testified at the preliminary trial of Sellier at Pass Christian that he sent the card, and the court admitted this card in evidence without Waldrop being connected with the postal card in any manner.

The court below erred in admitting in evidence the letter written with the name of Waldrop signed thereto addressed to Mrs. Sellier.

This case does not fall within the case of *De Silva v. State,* 91 Miss. 776, 45 South. 611, where the court held it was error to refuse to admit the postal cards in evidence which Madame De Silva had in her hand at the time of the difficulty. Neither of the parties to the difficulty in the instant case had the letter in his hand on about his person, and the letter tended in no way to show who was the aggressor. It could only tend to prejudice the jury against Waldrop unduly, the character of the letter, under the facts of the case, being highly inflammatory. Further, it should not have been admitted in evidence because it was not properly identified.

It is true that Gex testified that Waldrop, on the trial of Sellier, had testified that he authorized McKinnet to write this letter, and, without Gex's testimony, the letter as written could not in any manner have been identified or Waldrop sufficiently connected with it to make it admissible, if identification were the only thing lacking to make it admissible. But we contend that Gex's testimony was incompetent, as Waldrop was a forced witness at the time he so testified, if Gex's statement of his testimony is true, which Waldrop emphatically denied.

The court below erred in admitting the testimony of Gex as to what appellant swore on the trial of Sellier, when appellant

was a witness for the state, in reference to the writing of the letter. *Ford v. State,* 75 Miss. 101, 21 South. 524, and authorities there cited. *Steele v. State,* 76 Miss. 387, 24 South. 910 ; *Farkas v. State,* 60 Miss. 842 ; *Jackson v. State,* 56 Miss. 312.

*George Butler,* assistant attorney-general for appellee.

The letter and card are admitted to be those received by Mrs. Sellier and out of which the difficulty arose. As said in the case of *De Silva v. State,* 91 Miss. 776, 45 South. 611, "they were the cause of the whole trouble." It was wholly immaterial-for the purposes of this trial under the peculiar facts whether or not they were written by appellant or under his direction. He knew he was reputed to be the author and to explain matters he called at the Sellier home, and, out of this call and their communication the difficulty grew.

It is next complained that the state should not be allowed to prove what appellant testified to on the trial of Sellier on the ground that it was not free and voluntary. Certain it is that there is nothing in this record to show that he was not a voluntary witness, but aside from this, his testimony was not a confession by him of the crime for which he is now being tried. Sellier was being tried and appellant was a witness against him, not forced, but so far as this record is concerned, free and voluntary.

There was certain irrelevant matter brought out on the trial —but it is clearly not prejudicial—and ought not to work a reversal.

The first instruction for the state should not have been given, but I submit all error was cured by defendant's instructions.

Argued orally by *J. H. Mize,* for appellant, and by *George Butler,* assistant attorney-general, for appellee.

MAYES, J., delivered the opinion of the court.

It was error for the court to admit in evidence either the

postal card or letter.    Neither should the court have admitted the testimony of Mr. Gex.    None of these things could possibly throw any light on the issue being tried.    This testimony having no pertinency to the issue, it was unfair to the defendant and prejudicial in the highest degree to allow testimony which could only operate to personally prejudice him in the eyes of the jury. The letter, the postal card, and the testimony of Mr. Gex only tended to prove that the appellant had been writing improper letters to the wife of Sellier, and did not tend to prove the guilt of appellant of the crime charged.    The *De Silva case,* in 91 Miss. 776, 45 South. 611, is not analogous to this case.    In that case Mrs. De Silva was the party charged with the assault and battery, and at that time Mrs. De Silva had in her hands some insulting postal cards, which she charged the prosecutrix with sending to her daughter.    At the time sharp words ensued between the parties, followed by the assault.    The court said, under these circumstances, and because the cards were the cause of trouble at the very time, and were in the hands of Mrs. De Silva, they should have been admitted when Mrs. De Silva was being prosecuted.    But the facts of this case are quite different. Waldrop is the person accused of sending the letters, and he had denied to the husband that he had done so.    Since Waldrop was accused of sending the letters, there was no reason why this should have caused him to assault Sellier.

We may remark here, also, that the first instruction asked for the state is erroneous.    The principle of law declared by this instruction may, in a rare case, have its application; but under the facts of this case it should not have been given.

*Reversed and remanded.*