## E. E. FORBES PIANO CO. *v.* HENNINGTON.

[67 South. 483.]

SALE. *Title. Execution.*

Where a piano company sold a new piano and took as part payment an old piano, with the understanding that the old piano was to remain in the hands of the purchaser until satisfied with the new one, after the acceptance of the new one, the title to the old one became absolute in the seller, and the fact that the husband signed a bill of sale to the old piano without his wife's, the purchasers, consent, and after an execution had been levied upon it as the property of the wife, was immaterial.

APPEAL from the circuit court of Marion county.

HON. A. E. WEATHERSBY, Judge.

Suit by the Forbes Piano Company against L. Hennington. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Whitfield, McNeil & Whitfield,* for appellant.

*Watkins & Watkins,* for appellee.

REED, J., delivered the opinion of the court.

This is the third appearance of this litigation in this court. All of the three appeals have been taken by the Forbes Piano Company, appellant in this hearing. See *E. E. Forbes Piano Co.* v. *Hennington,* 48 So. 609, and *E. E. Forbes Piano Co.* v. *Hennington,* 98 Miss. 51, 53 So. 778.

This litigation concerns an old piano. It was owned by Mrs. John S. Williams. In the purchase from the Forbes Piano Company of an automatic piano, she sold to them the old piano in part payment for the new one. It was agreed that the old piano should remain in the

possession of Mrs. Williams until she received the new instrument and was satisfied with it, when the trade would be completed. She did receive the new piano; it gave perfect satisfaction; and she accepted it. The old piano was also to remain in Mrs. Williams' house until the Forbes Piano Company called for it. While the old piano was still in Mrs. Williams' possession, it was levied on as her property in an execution issued by appellee, L. Hennington, a justice of the peace, in the case of City Grocery Company against her. In the sale under this execution, appellee bought the piano.

The Forbes Piano Company brought this action of replevin, claiming that it was entitled to recover the old piano. In the last trial of the case there was a jury and verdict in favor of appellee.

On the first hearing of this case (*Forbes Piano Co. v. Hennington*, 48 So. 609), it was held by this court that the Forbes Piano Company clearly made out "a perfect title to the property in question, and should have been given a peremptory instruction for same." The case was then reversed and remanded.

On the second appeal (*Forbes Piano Co. v. Hennington*, 98 Miss. 51, 53 So. 777, Ann. Cas. 1913A, 1216), it was held that Hennington, a justice of the peace, could not legally purchase the property sold under an execution on a judgment rendered by him and that the sale was void. The case was again reversed and remanded.

In the last trial of the case Mrs. Williams and her husband testified that she did not authorize her husband to execute the bill of sale which was signed by Mr. Williams in his own name, under date of October 23, 1907, conveying the old piano to E. E. Forbes Piano Company. Mr. Williams testified that the bill of sale was not given on the date shown in the instrument, but was actually signed by him in January, 1908, after the piano was levied on and sold. However, we do not see that this testimony will affect the decision in the

present hearing. It is beyond question that the old piano was given in the trade as part payment for the new, and that the conditions upon which the transaction of the sale would be completed and binding were fully performed by the delivery of the new piano, its giving perfect satisfaction, and its acceptance. The old piano thereupon became the absolute property of the Forbes Piano Company.

In this action of replevin to try the right of possession to the piano, it was necessary for the appellant to show a good title to the instrument. This has been done. Appellee did not have any right to withhold the piano from appellant. He did not acquire any title to the instrument by virtue of the sale under the execution issued by him as justice of the peace. This was decided on the second appeal of the case.

We note, and deem it proper in this disposition of the case, which we consider final, to mention, that it was shown in the proof in the last trial of the case that no judgment was ever entered in the case of *City Grocery Co.* v. *Mrs. J. S. Williams*. The docket of the justice of the peace which was introduced in evidence showed that the case was docketed, but failed to show any judgment in the case, or service and return of the execution under which the sale was made. Under the facts in evidence and the decisions of this court in the former appeals, the trial court should have given the peremptory instruction to find for plaintiff.

The case is therefore reversed, and judgment here entered in favor of appellant.

*Reversed.*