### 12945.  DAVIS, administrator, v. DAVIS.

A sale by an administrator with the will annexed, acting under the authority of the power conferred by the will, while legal within the limits prescribed, is in no sense judicial in its character.
DECIDED MARCH 7, 1922.

Complaint; from Madison superior court — Judge W. L. Hodges.  September 7, 1921.

*Berry T. Moseley,* for plaintiff.

*John J. Strickland,* for defendant.

BLOODWORTH, J.  Samuel Davis died testate, and in his will authorized the sale of his lands by his executor.  The executor died and W. M. Davis qualified as administrator with the will annexed. Under the power in the will, and without an order of the court of ordinary, the administrator, after having duly advertised a certain tract of land, sold it at public auction, and it was bid off by W. P. Davis.  The administrator cried the sale himself.  There was no contract, memorandum, or writing signed by any one in connection with the sale, nor was anything then done in pursuance. thereof. There was no money paid nor papers drawn.  Some months thereafter the administrator brought suit against W. P. Davis and prayed for a judgment for the amount of the bid.  The defendant pleaded that he was not liable, because " the so-called sale was void, for the reason that it was a contract for a sale of land,

and in order to be binding the promise must be in writing signed by this defendant or some person by him lawfully authorized; that the attempted sale was being made under the authority of a power conferred by the will, without an order of court, and the sale was in no sense judicial in its character, and was void in the absence of a contract or promise signed by the defendant or by some person by him lawfully authorized, or a memorandum signed by a disinterested auctioneer." When the evidence was all in, the judge granted a nonsuit, and the plaintiff excepted.

The attorneys for both sides agree that the only question for determination is whether or not the sale in this case was a judicial one. What is a judicial sale ? The answer to this question is found in 24 Cyc. 6, and is as follows: " A judicial sale is one made under the process of a court having competent authority to order it, by an officer legally appointed and commissioned to sell; one made by a court of competent jurisdiction, in a pending cause through its authorized agent. A sale under an order or decree of court is a judicial act. The court is the vendor, and the officer conducting the sale is the mere agent of the court. The sale is a transaction between the court and the purchaser. A sale is not a judicial sale, properly speaking, unless it is one made on an order of the court and subject to confirmation by the court." Counsel for plaintiff in error cite and rely on *Green v. Freeman*, 126 *Ga.* 274 (55 S. E. 45, 7 Ann. Cas. 1069), in which it is said: " No note or memorandum in writing is necessary to charge either the administrator or purchaser at any administrator's sale." This language is broad, and seemingly would cover " any administrator's sale," but in that case the Supreme Court was discussing § 6071 of the Civil Code of 1910, which is in part as follows: " Any person who may become the purchaser of any real or personal estate at any sale which may be made at public outcry by any executor, administrator or guardian,. or by any sheriff or other officer under and by virtue of *any execution or other legal process* " (italics ours) ; and after quoting that section the court said (p. 277) : " No memorandum in writing is necessary to charge the purchaser under the provisions of this section." The sale in that case was a " judicial " one because made in compliance with an order or judgment of a court of competent jurisdiction. In *Harwell* v. *Foster*, 102 *Ga.* 38 (28 S. E. 967), the Supreme

Court said: "A sale by an executor acting under the authority of the power conferred by a will, while legal within the prescribed limits, is in no sense judicial in its character." See *Hollinshed* v. *Woodard*, 124 *Ga.* 722 (52 S. E. 815); *Seymour* v. *National Building &c. Asso.*, 116 *Ga.* 286 (42 S. E. 518, 94 Am. St. Rep. 131); *Doyle* v. *Trustees of the African Methodist Church*, 43 *Ga.* 400 (2). Counsel for plaintiff in error cite section 6053 of the Civil Code (1910), which is as follows: "No note or memorandum in writing shall be necessary to charge any person at a *judicial sale*." (Italics ours.) As the sale in the case under consideration was made by the administrator with the will annexed, under the authority given by the will, and not by any order of the court of ordinary, this was not a "judicial sale," and the section just quoted is not applicable.

The judge properly granted a nonsuit, and the judgment is
                    *Affirmed. Broyles, C. J., and Luke, J., concur.*