S93A0328. PRYOR v. PRYOR.
(429 SE2d 676)

BENHAM, Justice.

We granted appellant's application for discretionary review of the trial court's order dismissing her complaint for divorce on the ground of "unclean hands." Finding no application of that principle to this case, we reverse the trial court's judgment.

Appellant filed a verified complaint for divorce, alleging three grounds: that the marriage was irretrievably broken; cruel treatment; and uncondoned adultery. Appellee answered and filed a counterclaim in which he alleged the marriage was irretrievably broken. After taking appellant's deposition, and in reliance on her testimony on deposition, appellee filed a motion to dismiss her complaint. In his motion, in his argument before the trial court, and in the order he prepared for the trial court, appellee's counsel asserted that appellant had admitted in her deposition that her allegations of adultery were false. That being so, he argued, she was guilty of unclean hands and was entitled to no relief at all. The trial court agreed and dismissed her complaint.

1. Even if appellee's characterization of appellant's deposition testimony were accurate (but see Div. 2, infra), the application of the principle of unclean hands would be inappropriate in this action. The principle is based on OCGA § 23-1-10: "He who would have equity must do equity and must give effect to all equitable rights of the other party respecting the subject matter of the action." The phrase "respecting the subject matter of the action" is of primary importance to our consideration here, and was elaborated upon in *Sparks v. Sparks,* 256 Ga. 788, 789 (353 SE2d 508) (1987):

> The unclean-hands doctrine does not bar a litigant from seeking equitable relief unless the misconduct relates directly to the transaction concerning which relief is sought. [Cits.]

Along the same lines,

this court has held: "The unclean-hands maxim which bars a complainant in equity from obtaining relief has reference to an inequity which infects the cause of action so that to entertain it would be violative of conscience. It must relate directly to the transaction concerning which complaint is made. . . . The rule . . . refers to equitable rights respecting the-subject-matter of the action. [Cit.]"

*Partain v. Maddox*, 227 Ga. 623 (4) (a) (182 SE2d 450) (1971). The "subject matter" and "transaction concerning which relief is sought" in this case is the marriage between the parties, not the divorce action itself.[1] Other less draconian remedies are available to deal with matters of pleading and proof. See, e.g., OCGA § 9-15-14. The trial court's application of the unclean hands doctrine to this case was erroneous.

2. Even if the unclean hands doctrine were applicable here, the record would not support a finding of unclean hands on appellant's part. A careful review of appellant's deposition reveals that the assertion of appellee's counsel that appellant admitted the allegation of adultery was false, incorporated in the trial court's order as a finding, is not an accurate reflection of appellant's testimony. Not only did appellant not admit the allegations were false, she reiterated her belief in them and gave as the basis for her belief the fact that appellee told her of his adultery. What appellant did admit was that she did not have names or dates or times, and that she, therefore, could not prove the allegations of adultery. Those admissions are not reasonably susceptible of the characterization placed on them by appellee's counsel and accepted by the trial court. All the deposition testimony shows is that appellant was not prepared, at the time the deposition was taken, to support with evidence the allegations made in the complaint. That inability to prove her case at that time does not show unclean hands.

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 1, 1993.

*Shepherd & Brown, Timothy N. Shepherd, Randall E. Brown,* for appellant.

---

[1] The doctrine would be applicable to appellant's alleged misconduct if she were to succeed in obtaining a divorce on false grounds and then sought relief from the judgment of divorce. See, e.g., *Sparks v. Sparks*, supra (party who fraudulently transferred property to wife could not seek resulting trust, but was entitled to equitable division of property); *Crowe v. Crowe*, 245 Ga. 719 (267 SE2d 14) (1980) (party who collaborated in sham divorce was not entitled to relief from that judgment).