## A98A0045. SCOTT v. PERKINS.
### (497 SE2d 21)

BLACKBURN, Judge.

In this discretionary appeal, Wade E. Scott contends that the trial court erroneously applied the "unclean hands" doctrine in denying his petition for modification of child support. For the reasons set forth below, we agree and vacate the trial court's judgment.

Scott and Jennifer D. Perkins were divorced on July 9, 1993. The divorce decree required Scott to pay $650 per month as child support for their two children and also to provide health insurance coverage for the children. On October 16, 1996, Scott filed a petition for modification of child support, claiming that his income had substantially decreased since the divorce and that his living expenses had increased due to his custody of a child from a subsequent marriage.

During the modification hearing, Scott testified that he had not provided insurance for the children, but that Perkins had provided such insurance. At that point, the judge sua sponte terminated the hearing and stated that he was denying the petition because Scott had unclean hands. The judge subsequently entered a written order denying the petition solely on the grounds that "[p]laintiff has unclean hands in that he does not have health insurance on the children." The judge did not make any findings of fact regarding whether Scott had experienced a change in income or financial status or whether modification would be consistent with the needs of the children.

The doctrine of unclean hands is based on OCGA § 23-1-10, which provides that "[h]e who would have equity must do equity and must give effect to all equitable rights of the other party respecting the subject matter of the action." "The unclean-hands maxim which bars a complainant in equity from obtaining relief has reference to an

inequity which infects the cause of action so that to entertain it would be violative of conscience. It must relate directly to the transaction concerning which complaint is made." (Punctuation omitted.) *Pryor v. Pryor*, 263 Ga. 153, 154 (1) (429 SE2d 676) (1993).

The fact that a parent has not complied with his obligations under a divorce decree does not automatically bar that parent from seeking modification of child support due to changed circumstances. OCGA § 19-6-19 (a) provides that a child support order "shall be subject to revision upon petition filed by either former spouse showing a change in the income and financial status of either former spouse or in the needs of the child or children." The statute further provides that, "[a]fter hearing both parties and the evidence, the jury, or the judge where a jury is not demanded by either party, may modify and revise the previous judgment . . . in accordance with the changed income and financial status of either former spouse or in the needs of the child or children . . . if such a change in the income and financial status is satisfactorily proved so as to warrant the modification and revision." OCGA § 19-6-19 (a). "The final decision of whether to modify the award is within the discretion of the trier of fact." *Marsh v. Marsh*, 243 Ga. 742 (256 SE2d 442) (1979).

Thus, OCGA § 19-6-19 (a) identifies the factors to be considered by the court in assessing a petition for modification of child support: (1) the changed income and financial status of the parents and (2) the needs of the children. See *Miller v. Tashie*, 265 Ga. 147, 149 (454 SE2d 498) (1995). Nothing in the statute indicates that noncompliance with the petitioner's obligations under the existing divorce decree bars an action for modification of such obligations. Indeed, such a rule would defeat the very purpose of the statute, as a parent who has a legitimate need for modification due to an adverse change in financial condition is likely to have failed to meet his current support obligations.

In holding that strict compliance with the terms of an existing divorce decree is not a prerequisite for maintenance of a modification action, we do not suggest that noncompliance is irrelevant to such an action. Where a parent wilfully fails to provide support despite an ability to do so, the trier of fact may consider this relevant in evaluating the credibility of the parent's claim that a modification is necessary or the likelihood that the parent will comply with the modification if granted. However, the failure to comply with the existing decree, in and of itself, does not operate as a bar to an action for modification.

Nor does our holding allow parties to evade responsibility for their failure to fulfill their support obligations simply by seeking a modification thereof. A modification order may only alter the parent's *future* support obligations and may not operate retroactively. *Hen-*

*drix v. Stone*, 261 Ga. 874 (1) (412 SE2d 536) (1992). Even if a parent is entitled to modification of a child support order due to changed circumstances, he or she is bound by the previous order until such time as a modification order is entered. *Lindwall v. Lindwall*, 242 Ga. 13, 14 (3) (247 SE2d 752) (1978). Therefore, a parent may be subject to contempt proceedings for failure to comply with an existing child support order, regardless of the outcome of the modification action.

In this case, the trial court did not consider whether Scott's actions in failing to perform under the previous decree should subject him to contempt. Nor did it make any findings as to Scott's purported change in financial status or the needs of the children. Rather, it terminated the hearing and denied the petition for the sole reason that Scott had not complied with the terms of the divorce decree requiring him to provide health insurance for the children. As the trial court failed to exercise its discretion in considering whether a modification was appropriate under the standards set forth in OCGA § 19-6-19 (a), we vacate the judgment and remand the case for further proceedings consistent with this opinion.

*Judgment vacated and case remanded. McMurray, P. J., and Eldridge, J., concur.*

DECIDED FEBRUARY 9, 1998.

*Allen W. Bodiford, Martin C. Jones,* for appellant.
Jennifer D. Perkins, *pro se*.