## S99A0227. DOBBS v. DOBBS.

(515 SE2d 384)

THOMPSON, Justice.

The issues for decision in this appeal are whether the trial court erred in ordering specific performance of an oral contract for the sale of land, and concluding that appellant had not acquired a prescriptive easement in the driveway of the property. We find no error and affirm.

Appellant Larry Dobbs and appellee Gary Dobbs are brothers who entered into an oral contract in 1973 for Larry to sell and Gary to purchase a house and one acre of land. The brothers agreed that Gary would assume the mortgage, and take possession of and maintain the property. They further agreed that title to the property would remain in Larry's name until Gary satisfied the outstanding 30-year mortgage. Gary made mortgage payments directly to Larry, occasionally made payments directly to the mortgage company, and sometimes performed services for or made loans to Larry as a set-off against mortgage payments. Gary occupied the premises continuously since 1973, except for a brief period in 1991 during his divorce, and made extensive improvements to the house and land. Larry owned and occupied an adjacent parcel and the driveway in question was jointly used and maintained by the parties, although Larry also had other means of ingress and egress.

In 1994, Gary sought to have Larry convey the land to him, but Larry refused, contending that Gary had not satisfied his obligations under the oral agreement. Reaching an impasse regarding title to the land, Gary filed suit for specific performance.

The trial court ordered specific performance of the oral contract, citing the provisions in OCGA § 23-2-131,[1] but required Gary to pay tax and mortgage arrearages to fully satisfy the obligations of the agreement. The trial court ruled that Gary's possession and partial

---

[1] That Code section reads:

(a) The specific performance of a parol contract as to land shall be decreed if the defendant admits the contract or if the contract has been so far executed by the party seeking relief and at the instance or by the inducements of the other party that if the contract were abandoned he could not be restored to his former position.

(b) Full payment alone accepted by the vendor, or partial payment accompanied with possession, or possession alone with valuable improvements, if clearly proved in each case to have been done with reference to the parol contract, shall be sufficient part performance to justify a decree.

payment, as well as his possession with valuable improvements, satisfied the requirements for an order of specific performance. The trial court also held that Larry did not meet his burden of proof in establishing a prescriptive easement in the driveway because he failed to give notice that his use had changed from permissive to prescriptive.

1. Larry does not contest the trial court's application of OCGA § 23-2-131, but asserts that Gary's indebtedness to him amounted to misconduct which should have prevented the award of equitable relief pursuant to OCGA § 23-1-10. OCGA § 23-1-10 states that "[h]e who would have equity must do equity and must give effect to all equitable rights of the other party respecting the subject matter of the action." This equitable maxim embodies both the "unclean hands" doctrine and the concept that "one will not be permitted to take advantage of his own wrong." *Musgrove v. Musgrove*, 213 Ga. 610 (100 SE2d 577) (1957); see *Pryor v. Pryor*, 263 Ga. 153 (429 SE2d 676) (1993). We have stated that this maxim refers to " 'an inequity which infects the cause of action so that to entertain it would be violative of conscience.' " *Pryor*, supra at 154. Although the trial court found that Gary had not completely discharged his indebtedness, the court also found that Gary was unaware of the existence or amount of the arrearages until Larry testified about them at trial, primarily because of the loose financial arrangement between the brothers, and because their relationship had deteriorated such that Larry would not tell Gary the amount. This is not the kind of conduct that would support a finding of unclean hands. Id.

Further, OCGA § 23-2-131 clearly contemplates the award of specific performance when the contract has only been partly performed. Thus, the fact that Gary still owed Larry money did not render the award of specific performance inappropriate. Besides, in awarding specific performance, the trial court ordered Gary to pay the remaining amount owing to Larry.

2. The trial court denied Larry's request for a prescriptive easement in the driveway because it found that Larry had failed to give notice that his use of the driveway had changed from permissive to prescriptive. See *Keng v. Franklin*, 267 Ga. 472 (480 SE2d 25) (1997) (prescription does not run until user notifies owner, by repairs or otherwise, that he has changed his position from licensee to prescriber). While we affirm the trial court's denial of the easement, we do so on alternative grounds applying the "right for any reason" principle. See *Griffin v. Tift County*, 242 Ga. 746, 747 (251 SE2d 262) (1978).

Obtaining an easement by prescription presumes that the one against whom prescription is claimed owns the property. *Farris Construction Co. v. 3032 Briarcliff Road Assoc.*, 247 Ga. 578 (277 SE2d 673) (1981). This is only logical because a person has no need for prescriptive rights in his own land.

Larry never executed a deed transferring title to Gary. Accordingly, Larry retained legal title to the property until the trial court ordered specific performance of the oral contract. See *Giuffrida v. Knight*, 210 Ga. 128 (78 SE2d 29) (1953) (title is not transferred until deed is delivered); *Doe v. Newton*, 171 Ga. 418 (156 SE 25) (1930) (donee of land did not acquire legal title until court awarded specific performance; legal title remained in the donor). It follows that Larry could not have acquired an easement by prescription over the driveway because Larry owned the land. *Farris Construction Co.*, supra.

It cannot be said that Larry acquired an easement by express grant or by implication. The record does not show that the parties intended an express grant of an easement and, in Georgia, there is no implied reservation of an easement by a grantor of land. *Farris*, supra; *Srochi v. Postell*, 206 Ga. 59, 62 (2) (55 SE2d 603) (1949).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 12, 1999.

*Jack F. Witcher,* for appellant.
*Hopkins & Taylor, Philip P. Taylor,* for appellee.