A00A0848. JAMES v. SAFARI ENTERPRISES, INC.
(537 SE2d 103)

POPE, Presiding Judge.

The sole issue in this case is whether the statute of frauds applies to the parties' nonjudicial foreclosure sale. We conclude that it does apply under the facts of this case and reverse the trial court's denial of appellant Amy James' motion for summary judgment.

On May 5, 1998, James was the high bidder at a foreclosure sale on two parcels of land. Safari Enterprises, Inc. was conducting the sale pursuant to a power of sale contained in a security deed. Michael Safari, an owner and officer of Safari Enterprises, had also bid on the properties, but James outbid him. The parties did not execute any memorandum of sale on the transaction, and James denies that the parties entered into a binding sales contract.

James testified that at the time she placed her bid, she was unaware that the security deed reflected a second mortgage on the property and that the property was subject to a first mortgage. She first learned of this fact when Safari Enterprises' attorney told her after the fact. She told the attorney that if she had bid on a second mortgage, she was not interested in purchasing the properties. She then left to check the records. Once she confirmed that a large first mortgage existed, she immediately returned to the attorney and told him she did not wish to consummate the deal.

Safari Enterprises' lawyer acknowledged that following the sale, he did tell James that the deeds were not first mortgages, but he says that James did not voice any hesitation about the transaction. Instead, the lawyer said that she told him she had to leave for about 30 minutes to get the money for the purchase from her bank. He relayed this to Michael Safari, who then left, anticipating that the deal with James would close. According to the lawyer, it was only

when James returned that she told him she did not wish to close on the transaction.

Safari Enterprises sued James for specific performance of the transaction. James moved for summary judgment on several grounds, including the statute of frauds. The trial court denied the motion, stating that it found no authority for James' argument that the statute of frauds applied to a foreclosure sale. And even assuming that the statute did apply, the trial court found that Safari Enterprises reasonably relied upon James' high bid "as evidence of her intent to purchase the property, thus removing the sale from the ambit of the Statute" under OCGA § 13-5-31 (2). Following the trial court's certification of this issue for immediate review, we granted James' application for interlocutory appeal.

Under Georgia's statute of frauds, "[a]ny contract for sale of lands, or any interest in, or concerning lands" must be in writing and signed by the party to be charged. OCGA § 13-5-30 (4). And in an early opinion, our Supreme Court held that the statute of frauds applies to nonjudicial foreclosure sales made pursuant to a power of sale in a security deed. *Seymour v. Nat. Bldg. & Loan Assn. &c.*, 116 Ga. 285 (42 SE 518) (1902).[1] Accordingly, the statute of frauds applies to the sale in this case unless it falls into one of the recognized exceptions.

The trial court found that Safari Enterprises' reliance upon James' high bid removed the transaction from the statute of frauds under OCGA § 13-5-31 (2). That section provides that the statute of frauds does not extend to a situation "[w]here there has been performance on one side, accepted by the other in accordance with the contract." We find, however, that this case is controlled by OCGA § 23-2-131, which states:

> The specific performance of a parol contract as to land shall be decreed if the defendant admits the contract or if the contract has been so far executed by the party seeking relief and at the instance or by the inducements of the other party that if the contract were abandoned he could not be restored to his former position.

OCGA § 23-2-131 (a). See also *R. T. Patterson Funeral Home v. Head*, 215 Ga. App. 578, 582-583 (1) (b) (451 SE2d 812) (1994) (physical precedent only) (OCGA § 23-2-131 applies in equitable actions for specific performance).

Here, James denies the contract. But an award of specific performance may still be made under OCGA § 23-2-131 where the contract

---

[1] The statute of frauds does *not* apply, however, to judicial sales. OCGA § 9-13-169.

is partially performed. *Dobbs v. Dobbs*, 270 Ga. 887, 888 (1) (515 SE2d 384) (1999). The statute defines what constitutes partial performance: (1) full payment, (2) partial payment and possession, or (3) possession and valuable improvements. OCGA § 23-2-131 (b); *Coleman v. Coleman*, 265 Ga. 568, 569 (1) (459 SE2d 166) (1995).

Here, none of these factors are present. James simply made a bid for the property, which Safari Enterprises accepted. No partial performance of the contract occurred. The transaction, therefore, stays within the confines of the statute of frauds. And in the absence of a writing signed by James detailing the terms of the transaction, James is not bound.[2] Accordingly, she is entitled to summary judgment on Safari Enterprises' claim.

*Judgment reversed. Smith, P. J., and Miller, J., concur.*

DECIDED JULY 6, 2000.

*Stanley E. Kreimer, Jr.*, for appellant.
*Richard E. Thomasson*, for appellee.

---

[2] Moreover, we note that once Safari Enterprises learned that James would not be honoring her bid, it had the option of reselling the property and thus it was not left without a remedy. See, e.g., *Moody v. Mendenhall*, 238 Ga. 689, 690 (234 SE2d 905) (1977); *Little v. Fleet Finance*, 224 Ga. App. 498, 499, n. 2 (481 SE2d 552) (1997).