### 34194. GRIFFIN v. TIFT COUNTY et al.

Undercofler, Presiding Justice.

Mrs. Shirley Griffin was originally employed in the Tift County tax assessors office in 1966. In February, 1976, the chief appraiser resigned and Mrs. Griffin managed the office until a new appraiser was appointed that April. He failed to qualify and resigned in October, 1977. Again, Mrs. Griffin ran the office until Dan Moniz was appointed in December, 1977. Moniz terminated Mrs. Griffin's employment in February, 1978, which was upheld by the county commissioners after a hearing. She then filed this equitable petition claiming that she was the de facto chief appraiser from the time she first took over the position in 1976, and that, under Code Ann. § 92-6904,[1] she was improperly terminated.[2] The trial court granted the commissioners' motion to dismiss on the ground that she had an adequate remedy at law by appeal by certiorari.

---

[1] Code Ann. § 92-6904 provides in pertinent part: "Provided, however, that no tax assessor who is also employed by the county as a staff appraiser . . . may be removed during his term of appointment by the appointing authority until such tax assessor has been afforded an opportunity for a hearing *before the judge of superior court of the county* for recommendations by the judge of superior court to the appointing authority for such removal." (Emphasis supplied.)

[2] The commissioners have not raised the defenses of waiver, estoppel, or res judicata.

It is unnecessary to address Mrs. Griffin's argument that the trial court was in error in dismissing this equitable petition because certiorari from the commissioners' hearing was the proper remedy. The trial court dismissed the petition and if it is right for any reason, it will be affirmed. Here it is obvious that Mrs. Griffin was never appointed chief appraiser as shown by her own statements.

Mrs. Griffin's sworn testimony at the board of commissioners' hearing centered on the propriety of her dismissal as a *technical-clerical employee* of the tax assessors' office. Her sole claim here rests on the point that since she was qualified for that position, she de facto assumed the position of *chief appraiser* from the time she first managed the office in 1976. She admitted at the commissioners' hearing, however, that she was not the head of the office during the tenure of the two appointed chief appraisers; nor was she ever formally appointed to that position or to the board of tax assessors' seat that the chief appraiser also occupies. Furthermore, she stated she never even applied for the chief appraiser's position because she was told by one of the commissioners that a man was needed to fill it.[3] Even construing this sworn testimony most favorably to Mrs. Griffin, it is clear that she never considered herself the chief appraiser from February, 1976. Based on this sworn testimony, the trial court properly ruled in favor of the commissioners.

*Judgment affirmed. All the Justices concur, except Hill, J., who concurs in the judgment only.*

ARGUED NOVEMBER 13, 1978 — DECIDED NOVEMBER 30, 1978 — REHEARING DENIED DECEMBER 19, 1978.

*Wilson & Rigdon, Fred W. Rigdon, Jr., Dan L. Smith,* for appellant.

*Ralph F. Simpson, C. Nathan Davis,* for appellees.

---

[3]"I knew right then and there I was licked."