74961. TATUM & ASSOCIATES, INC. v. RAYTHEON COMPANY.
(362 SE2d 506)

BENHAM, Judge.

Appellant brought suit against appellee to recover a commission alleged to be due because appellee hired a person referred to it by appellant, an employment placement agency. The jury returned a verdict awarding appellant the amount of its claim, prejudgment interest, and expenses of litigation. The trial court granted appellee's motion for judgment notwithstanding the verdict with regard to the award for expenses of litigation. This appeal is from the grant of that motion and from the trial court's determination that prejudgment interest would be calculated at the rate of 7 percent per annum.

1. Appellant's claim for expenses of litigation was based on an assertion that appellee acted in bad faith, was stubbornly litigious, and caused appellant unnecessary trouble and expense in collecting the debt involved. In granting appellee's motion for j.n.o.v., the trial court held merely that the original judgment was erroneous. In appellee's motion, it asserted that no expenses of litigation were recoverable because there was no evidence to support a finding that it had acted in bad faith, and because there was a bona fide dispute concerning the validity of appellant's claim. We agree that the evidence does not authorize a finding of any bad faith other than the failure to pay a just debt, and that expenses of litigation would not be recoverable on that ground. *Associated Software Consultants v. Wysocki,* 177 Ga. App. 135 (1) (338 SE2d 679) (1985). And we agree that the key to the issue of stubborn litigiousness or unnecessary trouble and expense is

the existence of a bona fide controversy. Id. However, the evidence in the present case does not demand a finding that there was a bona fide controversy. If the jury believed appellant's witnesses and disbelieved appellee's, it would have been authorized by the evidence to find that appellee was aware from the time of appellant's demand for payment that appellant was entitled to it, but that appellee nonetheless refused to pay. It appears, therefore, that the question of whether appellant was entitled to expenses of litigation was one for the jury. Id. The trial court's grant of j.n.o.v. on that issue was error.

2. The trial court ruled that appellant was entitled to prejudgment interest at the rate of 7 percent per annum pursuant to OCGA §§ 7-4-2 and 7-4-15. Appellant contended at trial and continues to argue on appeal that the correct rate should have been 1-½ percent per month pursuant to OCGA § 7-4-16. We agree with appellant.

In its amended complaint, appellant asked for interest at the higher rate. Having done so, it was entitled to that rate. *Belvin v. Houston Fertilizer &c. Co.*, 169 Ga. App. 100 (1) (311 SE2d 526) (1983); *Gregory v. Townsend Roofing Co.*, 163 Ga. App. 836 (2) (296 SE2d 154) (1982). Compare *Gold Kist Peanuts v. Alberson*, 178 Ga. App. 253 (2) (342 SE2d 694) (1986), where the complaint sought " 'interest' without specifying the rate thereof."

*Judgment reversed. Banke, P. J., and Carley, J., concur.*

DECIDED NOVEMBER 4, 1987.

*Gary W. Forbes*, for appellant.
*Dan T. Carter, Paul R. Beshears*, for appellee.