76444, 76642. TYPO-REPRO SERVICES, INC. v. BISHOP; and
vice versa.
(373 SE2d 758)

SOGNIER, Judge.

A bench trial was held on a suit by Typo-Repro Services against Winford Kent Bishop, attorney, seeking sums for typesetting services performed on behalf of Bishop's clients. The trial court entered judg-

ment in favor of Typo-Repro, awarded interest based on a rate of 7 percent per annum over a two-year period, and denied recovery for attorney fees or expenses of litigation. Bishop's motion for a new trial or judgment notwithstanding the verdict was denied October 12, 1987. A notice of appeal was filed by Bishop on October 22, 1987; a notice of cross-appeal was filed by Typo-Repro within 15 days thereof as required by OCGA § 5-6-38 (a). On November 24, 1987, Typo-Repro filed a motion to dismiss Bishop's appeal on the ground that he failed to pay costs in the trial court. That motion was granted by the trial court on December 10, 1987. By order this court consolidated Typo-Repro's cross-appeal (now the sole appeal) in Case No. 76444 and Bishop's pro se appeal from the December 10, 1987 order in Case No. 76642.

1. In Case No. 76642, Bishop contends the trial court erred by dismissing his appeal pursuant to OCGA § 5-6-48 (c) on the bases that Bishop failed to pay timely for the transcript and the court costs. The facts as found by the trial court and supported by the record reveal that when Bishop filed his October 22, 1987 notice of appeal from the jury verdict and the denial of his motion for new trial or j.n.o.v., he designated that the "transcript of evidence and proceedings" be included in the appeal. The court reporter for the trial transcript testified she spoke with Bishop and informed him of the cost of the transcript within a week of the filing of the notice of appeal. The clerk's office mailed a certified letter containing notice of the court costs to Bishop at his proper office address within a day of his filing the notice of appeal. Bishop did not order or pay for a transcript of the evidence presented during the trial and on November 10th, Typo-Repro moved for an extension of time for filing the transcript as a result of being informed by the court reporter that because Bishop had failed to order or pay for the transcript, it would be impossible for the court reporter to complete the transcript within the 30-day period for doing so. See OCGA § 5-6-42. The trial court noted that when Typo-Repro made its request for an extension of time for the filing of the transcript, the trial court advised Typo-Repro that it would not enter an ex-parte order, so Typo-Repro accordingly obtained Bishop's consent and the extension was granted pursuant to OCGA § 5-6-39 until December 10, 1987.

On November 17, 1987, the certified letter mailed by the clerk's office containing notice of court costs was returned by the post office because no one had claimed the letter even though notices were given on October 28, November 2, and November 12. In late November with the transcript still not ordered or paid for by Bishop, Typo-Repro paid the court reporter to start the transcript and filed the motion to dismiss Bishop's appeal on November 24 pursuant to OCGA § 5-6-48 (c), a rule nisi issuing on November 24 for a December 4 hearing on

the motion. On December 3 Bishop gave the clerk a personal check to cover court costs, but the clerk returned the check because Bishop did not have sufficient funds in his account to cover the check. Moments before the hearing on December 4, Bishop tendered the clerk a cashier's check for the costs and at the hearing itself filed an amendment modifying his notice of appeal to delete the request for the trial transcript and to substitute in its place a request to include transcripts of two pre-trial hearings. The trial court entered an order dismissing Bishop's appeal pursuant to OCGA § 5-6-48 (c); we note that the trial court's ruling was filed prior to the transmittal of the transcript and record to this court. Compare *Turner v. Taylor*, 179 Ga. App. 574, 575 (1) (a) (346 SE2d 920) (1986).

At the hearing on Typo-Repro's motion, it was established that the address to which the certified notice of court costs was sent was Bishop's business address and Bishop acknowledged he employed a secretary to pick up his mail; however, Bishop stated in his place that he never received any of the three notices left at his business address by the post office and did not know he was supposed to pay the court costs for the notice of appeal he filed October 22 until November 25, when he received Typo-Repro's motion to dismiss his appeal (which, like the certified letter from the clerk's office, was mailed to Bishop's business address). In regard to the amendment to the notice of appeal, Bishop acknowledged that he was deleting from his appeal the transcript of the evidence at trial, but asserted that he did not mean to include the trial transcript in his request for "a transcript of evidence and proceedings," but was referring solely to the two pre-trial transcripts.

OCGA § 5-6-48 (c) provides in pertinent part: "[T]he trial court may, after notice and opportunity for hearing, order that the appeal be dismissed where there has been an unreasonable delay in the filing of the transcript and it is shown that the delay was inexcusable and was caused by such party. In like manner, the trial court may order the appeal dismissed where there has been an unreasonable delay in the transmission of the record to the appellate court, and it is seen that the delay was inexcusable and was caused by the failure of a party to pay costs in the trial court . . . ." "Under the Appellate Practice Act, . . . [t]he provision authorizing the trial court to dismiss an appeal specifies that two elements must be present: One is that the delay was *unreasonable* and the other is that the unreasonable delay was *inexcusable*. In passing upon these issues, the trial court has discretion; however, it is a legal discretion which is subject to review in the appellate courts. [Cit.]" *Young v. Climatrol &c. Corp.*, 237 Ga. 53, 55 (226 SE2d 737) (1976). "On appellate review the sole test is whether the trial judge abused his discretion in dismissing the appeal. [Cit.]" *Duncan v. Ball*, 174 Ga. App. 341, 343 (2) (330 SE2d 160)

(1985).

We discern no abuse of the trial court's discretion in finding that Bishop unreasonably and inexcusably delayed the appeal so as to authorize dismissal of his appeal. The evidence supports the trial court's finding that the excuse offered by Bishop for failing to order and pay for the transcript, i.e., that he was interested only in the two pre-trial transcripts and not the trial transcript, was to avoid the effects of Bishop's failure to order and pay for the transcript. Nor can we agree with Bishop's argument that the fact the trial transcript was otherwise obtained (by Typo-Repro, forced by Bishop's inaction into ordering it so as to maintain the viability of its own cross-appeal) required a finding that Typo-Repro suffered no "prejudice" by the delay so as to obviate Bishop's unreasonable delay in ordering and paying for the transcript. The case sub judice is distinguishable from *Hill Aircraft &c. Corp. v. Planes, Inc.*, 169 Ga. App. 161, 163-164 (1) (312 SE2d 119) (1983) and *Jim Walter Homes v. Strickland*, 185 Ga. App. 306, 307 (363 SE2d 834) (1987), in which the trial courts denied motions to dismiss appeals and we found no abuse of discretion thereby because the delay of the appeals, deemed reasonable or excusable by the trial courts, did not appreciably lengthen the appeals process or prejudice the moving parties. We see no reason for applying the holdings in *Hill Aircraft* and *Jim Walter Homes* to the opposite situation presented by the case at bar. Thus, we affirm the trial court's dismissal of Bishop's appeal based on his unreasonable delay in the filing of the transcript. See *Thomas v. Satterfield*, 169 Ga. App. 432 (313 SE2d 134) (1984). It is thus not necessary to address the merits of the trial court's alternate ground for dismissing Bishop's appeal based on the failure to pay court costs.

2. In Case No. 76444, Typo-Repro contends first that the trial court erred by awarding it pre-judgment interest at the rate of 7 percent for a two-year period rather than the $9,505.54 amount of interest sought by Typo-Repro, which was calculated at the rate of 1-1/2 percent per month allowed for commercial accounts under OCGA § 7-4-16. Although the record supports Typo-Repro's assertion that it amended its complaint to pray for the higher rate of interest, the record reveals that the sum sought by Typo-Repro was not a liquidated amount in that Bishop contested the per page calculations and proofreading and other charges Typo-Repro claimed. "A debt is liquidated when it is certain *how much is due* and when it is due. [Cit.]" (Emphasis supplied; emphasis in original deleted.) *Continental Carriers v. Seaboard C.L.R. Co.*, 129 Ga. App. 889, 890 (2) (201 SE2d 826) (1973). In the absence of a liquidated demand, OCGA § 7-4-16 is inapplicable. See *Noble v. Hunt*, 95 Ga. App. 804, 809-810 (6) (99 SE2d 345) (1957). As to the interest awarded by the trial court in this bench trial, it is within the discretion of the factfinder to increase the

immediate amount of damages found by an allowance of interest in actions for unliquidated damages arising out of breach of contract. OCGA § 13-6-13; *Norair Engineering Corp. v. St. Joseph's Hosp.*, 147 Ga. App. 595, 604 (6) (249 SE2d 642) (1978). The fact that the trial court awarded the interest separately, specifying rate and duration, rather than in one gross sum as damages, no longer constitutes error. *Braner v. Southern Trust Ins. Co.*, 255 Ga. 117, 119-120 (1) (335 SE2d 547) (1985). Therefore, we affirm the trial court's award of interest to Typo-Repro.

Typo-Repro also contends the trial court erred by failing to award it attorney fees and expenses of litigation pursuant to OCGA § 13-6-11. Typo-Repro's claim for expenses of litigation was based on an assertion that Bishop acted in bad faith, was stubbornly litigious, and caused Typo-Repro unnecessary trouble and expense in collecting the debt involved. We agree with Bishop that the evidence does not authorize a finding of any bad faith other than the failure to pay a just debt, and that expenses of litigation would not be recoverable on that ground. *Tatum & Assoc. v. Raytheon Co.*, 184 Ga. App. 775 (1) (362 SE2d 506) (1987). " 'As to whether the defendant was "stubbornly litigious" or caused the plaintiff unnecessary trouble and expense, mere refusal to pay a disputed claim, without suit is not sufficient to award attorney fees. [Cits.]' [Cit.] 'The key to the test is whether there is a "bona fide controversy." Where none exists, forcing a plaintiff to resort to the courts in order to collect is plainly causing him to go to "unnecessary trouble and expense." ' [Cit.]" *Associated Software Consultants v. Wysocki*, 177 Ga. App. 135, 136 (1) (338 SE2d 679) (1985). However, "[r]ecovery of attorney fees for stubborn litigiousness is not authorized where there is a bona fide controversy. [Cits.]" *Bayliner Marine Corp. v. Prance*, 159 Ga. App. 456, 461 (3) (b) (283 SE2d 676) (1981). The record reveals that Bishop disputed Typo-Repro's claim for compensation by presenting evidence at trial that Typo-Repro had orally contracted for one set per page cost rather than the varying amounts used in Typo-Repro's calculations, that Typo-Repro had charged Bishop for proofreading services Bishop's own staff had performed, and that it had overcharged Bishop for those services Typo-Repro had rendered. The trial court was authorized by this evidence to find that a genuine dispute or bona fide controversy existed, and thus the trial court did not err by refusing to award Typo-Repro attorney fees and expenses of litigation.

*Judgments affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 6, 1988 —
REHEARINGS DENIED SEPTEMBER 28, 1988 

Herbert S. Waldman, Brant Jackson, Jr., for appellant.
Winford K. Bishop, pro se, Phillip S. McKinney, for appellee.