## A06A1078. ALL TECH COMPANY v. LAIMER UNICON, LLC.
(636 SE2d 753)

BARNES, Judge.

All Tech Company ("All Tech") appeals the grant of summary judgment to Laimer Unicon, LLC ("Laimer"). It contends that the trial court erred by granting summary judgment because Laimer did not file a cross-motion for summary judgment and because genuine issues of material fact precluded the grant of summary judgment. For the following reasons, we find that the trial court did not err in granting summary judgment to Laimer.

All Tech, a German company, sold goods, consisting of pumping equipment and components, to Laimer in the United States. All Tech filed a complaint on account on October 15, 2003, with an attached exhibit showing invoices dated August 27, 1997, through July 14, 1999, for goods sold to Laimer. The complaint sought $30,799 principal, and accrued interest, pursuant to OCGA § 7-4-16. Laimer filed its answer on December 14, 2003, in which it raised the defense of the statute of limitation, which precluded any claim upon which a court could grant relief.

All Tech filed an amended complaint on account on January 27, 2005. The amended complaint revised the amount sought to $26,264.08. The amended complaint also sought interest "at the rate of 18% per annum on a commercial account pursuant to OCGA § 7-4-16."

All Tech then moved for summary judgment on October 3, 2005. The motion alleged that no genuine issue of material fact existed and that, based on an affidavit of its managing director, All Tech was entitled to judgment as a matter of law. The affidavit set forth the total amount that All Tech sought from Laimer.

On October 31, 2005, Laimer filed an amended answer in which it again raised the statute of limitation defense and asked the court to dismiss the action. It also filed a response to All Tech's motion for summary judgment, in which it asked the court to deny All Tech's motion for summary judgment because All Tech was attempting to collect on a commercial account after the running of the statute of

limitation as set forth in OCGA § 11-2-725. Additionally, Laimer's brief in support of its response to All Tech's motion asserted that

> [b]y raising the issue of the statute of limitations, [Laimer] has met its burden of showing that there are issues of material fact to [All Tech's] Complaint on Account and in fact, has shown that [Laimer] is entitled to recovery on Summary Judgment and [All Tech] is not entitled to recovery on Summary Judgment.

On December 8, 2005, more than 30 days after Laimer filed its response to All Tech's motion, the trial court granted summary judgment to Laimer. The trial court construed Laimer's October 31 response to All Tech's motion for summary judgment as a cross-motion for summary judgment based on *DeKalb County v. Ga. Paperstock Co.*, 226 Ga. 369, 370 (1) (174 SE2d 884) (1970) ("[I]t is no longer appropriate to construe the pleadings against the pleader, but they should be construed in the light most favorable to the pleader with all doubts resolved in the pleader's favor even though unfavorable constructions are possible.") and OCGA § 9-11-8 (f) ("All pleadings shall be so construed as to do substantial justice."). Based on the record, which showed that All Tech was seeking payment for invoices dated August 27, 1997, through July 14, 1999, the trial court found that this was a case on a commercial account and found that because of the four-year statute of limitation in such cases, All Tech's lawsuit was time barred. Consequently, the court granted summary judgment to Laimer.

1. The trial court did not err by construing the statements in Laimer's brief in support of its response to All Tech's motion for summary judgment as a cross-motion for summary judgment. First, "[u]nder our rules of pleading, it is substance and not mere nomenclature that controls; pleadings are judged by their function and not the name given by a party." (Citations omitted.) *Manning v. Robertson*, 223 Ga. App. 139, 142 (2) (476 SE2d 889) (1996). Therefore, Laimer's failure to label its brief as also a cross-motion for summary judgment is not significant. Second,

> every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings; but the court shall not give the successful party relief, though he may be entitled to it, where the propriety of such relief was not litigated and the opposing party had no opportunity to assert defenses to such relief. The cases dealing with this provision

> have pointed out that a trial judge may grant relief although it was not specifically prayed for.

(Citation and punctuation omitted.) *Empire Banking Co. v. Martin*, 133 Ga. App. 115, 119 (210 SE2d 237) (1974). Thus, the trial court did not err by treating Laimer's pleadings as a motion for summary judgment.

2. Even if the trial court had not construed Laimer's response to All Tech's motion for summary judgment as a cross-motion for summary judgment, Georgia law authorizes a trial court to grant summary judgment to a nonmoving party, sua sponte, when the grant of summary judgment is proper in all other respects. *Generali — U. S. Branch v. Southeastern Security Ins. Co.*, 229 Ga. App. 277, 278 (1) (493 SE2d 731) (1997). "This means that in addition to ensuring that the record supports such a judgment, the trial court must ensure that the party against whom summary judgment is rendered is given full and fair notice and opportunity to respond prior to entry of summary judgment." (Citation and punctuation omitted.) *Hodge v. SADA Enterprises*, 217 Ga. App. 688, 690 (1) (458 SE2d 876) (1995). When, as here, a nonmoving party raises an issue in responding to a motion for summary judgment, the trial court considers the issue, and all parties have notice that the issue was being considered, there is no error in the trial court granting summary judgment on that issue. *Cruce v. Randall*, 245 Ga. 669, 671 (266 SE2d 486) (1980); *Solon Automated Svcs. v. Corp. of Mercer Univ.*, 221 Ga. App. 856, 859 (3) (473 SE2d 544) (1996).

The record shows that All Tech had ample notice that the statute of limitation issue was central in the case, as it was addressed in Laimer's answer and amended answer and in its response and its brief in support of its response to All Tech's motion for summary judgment. Indeed, the statute of limitation defense was Laimer's sole response to All Tech's motion. All Tech, however, chose not to respond or amend its pleadings to overcome the problem.[1] Further, more than the 30-day statutory period in OCGA § 9-11-56 (c) passed before the trial court granted summary judgment. Finally, the grant of summary judgment to Laimer was authorized because all the evidence in the record before the court and the date stamp on All Tech's complaint showed that the statute of limitation had expired on all of All Tech's claims.

Therefore, All Tech received the required notice that the statute of limitation issue was before the trial court but did not address it or

---

[1] Having failed to amend its complaint, All Tech's argument that it could have amended its complaint because a pretrial order had not been entered adds nothing to its case.

amend its complaint to overcome it before the trial court granted summary judgment to Laimer. It points to nothing in the record showing that it did not receive full and fair notice or the opportunity to address the statute of limitation issue before summary judgment was rendered against it. See *AdvanceMe, Inc. v. Finley*, 275 Ga. App. 415, 417 (2) (620 SE2d 655) (2005).

3. Once the trial court determined that Laimer's October 31 response was a cross-motion for summary judgment, the applicable standards were those announced in *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). All Tech argues that Laimer did not satisfy those standards because its claim was not time barred as the date of the invoice was May 5, 2000.[2] Nothing shows, however, that this argument was presented to the trial court. In any event, the document dated May 5, 2000, was not an invoice submitted to Laimer. The affidavit submitted in support of All Tech's motion for summary judgment states that "[n]o payment has been made by Defendant on the indebtedness *represented* by Plaintiff's Exhibit 'A,' Plaintiff's *invoices*, and Defendant is indebted to Plaintiff in the principal sum of $26,264.08, the amount reflected on Plaintiff's complaint." (Emphasis supplied.) As All Tech has not disputed the dates of the invoices reflected in Exhibit A, the only construction that can be given to this statement is that this document was a compilation of the invoices previously submitted to Laimer.

"When the predominant element of a contract is the sale of goods, the contract is viewed as a sales contract and OCGA § 11-2-725 is the applicable statute of limitation notwithstanding the potential for rendering substantial services incident to the performance of such contract." *Advance Tufting v. Daneshyar*, 259 Ga. App. 415, 417, n. 3 (577 SE2d 90) (2003). Even if All Tech provided Laimer with services in conjunction with the goods it sold Laimer, OCGA § 11-2-725 still applies because, based on the evidence in the record, the predominant element of this agreement was the sale of goods, i.e., pumping equipment and components. Accordingly, All Tech's complaint on account for goods it sold to Laimer was time barred under OCGA § 11-2-725 because the original complaint was filed more than four years after the invoices were submitted to Laimer. Under OCGA § 7-4-16, "a commercial account becomes due and payable upon the date a statement of the account is rendered to the obligor." Therefore, the trial court did not err by granting summary judgment to Laimer.

---

[2] Actually the document referred to states "Offene Posten Stand 30.05.00," and is entirely in untranslated German. The document lists, in columns, what appear to be invoice numbers, dates, the amounts in marks due on each invoice, and the total amount due in marks.

4. In All Tech's appellate brief a footnote refers to a contract between itself and Laimer and suggests that the six-year statute of limitation contained in OCGA § 9-3-24 applied. This argument also was not raised in the trial court, and, moreover, no such contract is in the record before us. Consequently, this argument provides no grounds for reversal.

> The purpose behind summary judgment is to dispose of litigation expeditiously and avoid useless time and expense to go through a jury trial. This purpose is thwarted when a party may withhold meritorious legal arguments until appeal. Allowing a party to raise new arguments also ignores the duties and responsibilities placed on the parties by OCGA § 9-11-56. Each party has a duty to present his best case on a motion for summary judgment. [Our Supreme] Court has specifically held that, in responding to a motion for summary judgment, plaintiffs have a statutory duty to produce whatever viable theory of recovery they might have or run the risk of an adjudication on the merits of their case.

(Citation and punctuation omitted.) *Pfeiffer v. Ga. Dept. of Transp.*, 275 Ga. 827, 828 (2) (573 SE2d 389) (2002).

Even when viewed in a light most favorable to All Tech, the evidence in this case points to a complaint on account and not a breach of contract for services. There is no contract in the record, and both parties agreed that All Tech manufactured and sold pumping equipment and components. Although pursuant to OCGA § 9-11-15, All Tech had up until the entry of the pretrial order to amend its complaint to allege a complaint on contract governed by OCGA § 9-3-24, All Tech chose not to do so despite ample notice that the statute of limitation under OCGA § 11-2-725 had expired.

Accordingly, the trial court did not err by granting summary judgment to Laimer.

*Judgment affirmed. Andrews, P. J., and Bernes, J., concur.*

DECIDED SEPTEMBER 18, 2006.

*Howe & Associates, Scott M. Stevens*, for appellant.
*John L. G. Herbert, Jr.*, for appellee.