### A10A0617. AVERY ENTERPRISES, INC. v. LYNDHURST BUILDERS, LLC.
#### (696 SE2d 389)

ADAMS, Judge.

Avery Enterprises, Inc., d/b/a Centurion Stoneworks, South, appeals an order granting summary judgment in favor of defendant Lyndhurst Builders, LLC. The record shows that the trial court misinterpreted a statement made by counsel for Avery and erroneously based summary judgment on that statement.

The record shows that on April 5, 2005, Avery filed an action in which it alleged that Lyndhurst was indebted to Avery in the amount of $7,414.93 on an account.[1] The list of transactions comprising the debt was attached to the complaint. The transactions listed run from April 3, 2001 through January 30, 2004. Lyndhurst denied the debt and counterclaimed for attorney fees and costs. On October 27, 2005, Lyndhurst served discovery on Avery, including one request for admission. On February 15, 2007, Lyndhurst moved for summary judgment based on the arguments that Avery failed to timely respond to the request to admit, that the statute of limitation had run on the claims, and that a suit on an open account was not the proper type of claim under the circumstances. The unanswered discovery sought an admission that the amounts owed were all for transactions occurring more than four years prior to suit being filed. Avery had failed to respond for 69 days.

On April 16, 2007, Avery responded to the motion for summary judgment, moved to withdraw the admission, and requested oral argument on the motions. Avery also filed an amended and restated complaint in which it asserted that Lyndhurst was liable on a contract dated January 4, 2001, in the amount of $4,707.34 plus accumulated interest and attorney fees. In response to the amended complaint, Lyndhurst asserted that it was still entitled to partial summary judgment on any remaining claims on an open account

---

[1] An issue regarding the real name of the defendant was resolved in the trial court.

354

based on the statute of limitation for that type of claim. On September 14, 2007, Avery filed the affidavit of Patricia Avery, the vice president of Avery, to authenticate the agreement between the parties and the relevant invoices. Avery also moved to add Tom Porter, a principal of Lyndhurst, as a party defendant.

On April 15, 2008, the trial court entered an order granting Lyndhurst's motion for summary judgment. The trial court reasoned that the relationship between the parties was one of open account, not contract. The court then relied on a statement in Avery's brief in response to the motion for summary judgment for the proposition that, for the purposes of the relevant statute of limitation, Avery's "right of action accrued on the day of the breach, the 3rd of April, 2001, [and that] the Statute of Limitations would begin to run the date of the breach." Applying the four-year limitation period for a suit on account, the court therefore held that the original complaint was barred and that the motion to add Porter as a defendant was moot. Curiously, however, the court apparently found that Avery's motion to withdraw the admission was not moot, and it granted that motion.

The trial court set a hearing on Lyndhurst's counterclaim, and Avery subsequently moved that the court also consider its "remaining claim" against Lyndhurst; Avery argued that even under the court's holding that the claim was for an open account, and given that the admission had been withdrawn, the evidence showed that only a small portion of its claims would be barred by the four-year limitation for claims on an open account. But prior to the hearing, the court denied Avery's motion on the ground that it had granted summary judgment on Avery's entire claim one year earlier. It held that the only remaining matter pending was the counterclaim for attorney fees. On July 7, 2009, Lyndhurst dismissed its counterclaim without prejudice.

When the only claims remaining in a case are the defendant's counterclaims, and those claims are then dismissed, the dismissal constitutes a final order in the case from which the plaintiff may appeal. *Caswell v. Caswell*, 157 Ga. App. 710 (278 SE2d 452) (1981). When an appeal is taken of a final order, the plaintiff may appeal "all judgments, rulings, or orders rendered in the case which are raised on appeal and which may affect the proceedings below." OCGA § 5-6-34 (d).

On appeal, Avery contends the court erred by granting the motion for summary judgment because most of the invoices are not barred by the relevant statute of limitation. We agree. The trial court's grant of summary judgment was based on a purported admission by Avery that its claims accrued on April 3, 2001. But the court misread the document. Avery clearly stated that it was

referring to accrual of a breach of contract claim as it had just amended its complaint to allege breach of contract. Avery wrote in that brief, "the applicable Statute of Limitations on contract is six years, pursuant to OCGA § 9-3-24. The Statute of Limitations would begin to run as of the date of the breach, or April 3, 2001." Furthermore, a party is not bound to admissions regarding questions of law or mixed questions of law and fact. See *Anthem Cas. Ins. Co. v. Murray*, 246 Ga. App. 778, 780-781 (1), n. 10 (542 SE2d 171) (2000).

"When the predominant element of a contract is the sale of goods, the contract is viewed as a sales contract and OCGA § 11-2-725 is the applicable statute of limitation. . . ." *Advance Tufting v. Daneshyar*, 259 Ga. App. 415, 417, n. 3 (577 SE2d 90) (2003). Cf. OCGA § 9-3-25 ("[T]his Code section shall not apply to actions for the breach of contracts for the sale of goods under Article 2 of Title 11."). OCGA § 11-2-725 (1) provides that "[a]n action for breach of any contract for sale must be commenced within four years after the cause of action has accrued." "A cause of action accrues when the breach occurs. . . ." OCGA § 11-2-725 (2). And, "[u]nless otherwise provided in writing signed by the obligor, a commercial account becomes due and payable upon the date a statement of the account is rendered to the obligor." OCGA § 7-4-16. Thus, unless otherwise provided in the agreement, claims are barred if they are asserted more than four years after invoices are submitted to the buyer. See *All Tech Co. v. Laimer Unicon, LLC*, 281 Ga. App. 579, 582 (3) (636 SE2d 753) (2006). Avery submitted authenticated invoices in response to the motion for summary judgment. Some of these invoices show dates more recent than four years prior to the date suit was filed. Accordingly, the trial court erred by granting summary judgment on all of the invoices that make up Avery's claim on account against Lyndhurst.

*Judgment reversed. Smith, P. J., and Mikell, J., concur.*

DECIDED JUNE 8, 2010.

*McFarland & McFarland, Robert P. McFarland*, for appellant.
*Clark & Clark, Barry A. Lee*, for appellee.