**November 20, 2015**

# In the Court of Appeals of Georgia

A15A0791. VENABLE v. SUNTRUST BANK.

MILLER, Judge.

SunTrust Bank ("SunTrust") filed suit against Mattie Venable to recover a deficiency judgment almost five years after Venable defaulted on a conditional sales contract. Venable appeals from the trial court's grant of summary judgment to SunTrust, contending, inter alia, that SunTrust's suit is time barred. We agree and reverse because, pursuant to Article 2 of the Uniform Commercial Code, a four-year statute of limitation applies to causes of actions based on contracts where the primary purpose is the sale of goods.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. We review a trial court's grant of summary judgment de novo,

construing the evidence, and all reasonable conclusions and inferences drawn for it, in favor of the nonmovant.

(Citation and punctuation omitted.) *Thomas v. Summers*, 329 Ga. App. 250 (764 SE2d 578) (2014); see also OCGA § 9-11-56 (c).

So viewed, the evidence shows that on March 8, 2006, Venable executed a "Simple Interest Conditional Sale Contract" at Team Ford of Marietta to finance the purchase of a minivan. The contract provided for 75 equal monthly payments to be paid to SunTrust as the holder of the contract. Venable acknowledged that the contract gave SunTrust a security interest in the minivan. Venable made her last payment on the contract on November 1, 2007 and the remaining balance was charged off in February 2008. SunTrust repossessed the vehicle in October 2011 and thereafter sold it at auction. SunTrust filed the instant complaint on October 15, 2012 to recover the deficiency amount.

Venable contends that, pursuant to Article 2 of the Uniform Commercial Code, this suit is governed by the four-year statute of limitation that governs contracts for the purchase of goods. See OCGA § 11-2-725 (1). We agree.

"When, as here, a question of law is at issue we owe no deference to the trial court's ruling and apply a de novo standard of review." (Citation omitted.) *Artson,*

2

*LLC v. Hudson*, 322 Ga. App. 859 (747 SE2d 68) (2013). The statute of limitation applicable to a cause of action based on a conditional sales contract that also creates a security interest appears to be an issue of first impression in Georgia. Applying the proper statute of limitation is critical in any litigated matter, and attorneys and parties must have clear procedural rules on which they can rely.

Suntrust argues that this suit is governed by the six-year statute of limitation applicable to simple written contracts. OCGA § 9-3-24 pertinently provides, "All actions upon simple contracts in writing shall be brought within six years after the same become due and payable. However, this Code section shall not apply to actions for the breach of contracts for the sale of goods under Article 2[.]" Under Article 2, "[a]n action for breach of any contract for sale must be commenced within four years after the cause of action has accrued." OCGA § 11-2-725 (1). Article 2 expressly exempts from its application any transaction that "is intended to operate *only* as a security transaction[.]" (Emphasis supplied.) OCGA § 11-2-102. "Where the plain language of a statute is clear and susceptible of only one reasonable construction, we must construe the statute according to its terms." (Citation omitted.) *Atlanta Independent School System v. Atlanta Neighborhood Charter School, Inc.*, 293 Ga.

3

629, 631 (748 SE2d 884) (2013). The plain language of OCGA § 11-2-102 exempts only transactions that are solely security transactions.

Additionally, "[i]f a contract contains a blend of sale and nonsale elements, Article [2] applies only if the dominant purpose behind the contract reflects a sales transaction."(Citation and punctuation omitted.) *Olé Mexican Foods, Inc. v. Hanson Staple Co.*, 285 Ga. 288, 290 (676 SE2d 169) (2009). To determine whether a sales contract is governed by Article 2, "we must look to the primary or overall purpose of the transaction." (Citation and punctuation omitted.) Id. (applying the "primary purpose" test to determine whether the purpose of a contract is to settle litigation or sell goods). Since the instant contract contained both sale and security elements, we must ascertain its primary purpose.

Although the contract gave SunTrust a security interest in the vehicle, it was not intended to operate *only* as a security transaction because the financing provision was incidental to the sales contract. Thus, the contract here was not exempt from Article 2 under OCGA § 11-2-102. It is also clear that the primary purpose of the conditional sales contract that Venable entered into was the sale of goods. See Black's Law Dictionary, pp. 336, 372 (9th ed. 2009) (defining a conditional sales contract as "[a] *contract for the sale of goods* under which a buyer makes periodic

4

payments and the seller retains title to or a security interest in the goods.") (emphasis supplied). Accordingly, the applicable statute of limitation is four years. See *All Tech Co. v. Laimer Unicon, LLC*, 281 Ga. App. 579, 582 (3) (636 SE2d 753) (2006) (holding that even if seller provided buyer with substantial services in conjunction with the sale of goods, four-year statute of limitation applied because the predominant element of the contract was sale of goods).

Although the contract contains certain provisions adopted from Article 9, those provisions did not transform the primary purpose of the transaction.[1] The six-year statute of limitation will apply when the primary purpose of the contract at issue is the creation of a security interest. For example, in *Almand v. Reynolds & Robin, PC*, 485 FSupp2d 1361, 1365 (M.D. Ga. 2007), the plaintiff procured a bank loan and then used the proceeds from the loan to purchase a vehicle; the plaintiff did not purchase the vehicle from the bank. The federal court held that Almand's promissory note or loan agreement was not governed by Article 2 because it was *only* a secured transaction. See id. Since the instant case concerns a contract that is predominantly

---

[1] Pursuant to OCGA § 11-9-109 (a) (1), Article 9 of the Uniform Commercial Code applies to "[a] transaction, regardless of its form, that creates a security interest in personal property or fixtures by contract[.]"

a sales contract, rather than strictly a loan, the six-year statute of limitation is inapplicable.

Moreover, the overwhelming majority of state courts that have considered this issue have applied Article 2 to conditional sales contracts for vehicles, reasoning that "a deficiency action must be considered more closely related to the sales aspect of a combination sales-security agreement rather than to its security aspect and be controlled by the four-year limitation[.]" *Assoc. Discount Corp. v. Palmer*, 219 A2d 858, 861 (NJ 1966).[2] Of course, one of the purposes of adopting the Uniform Commercial Code was to "make uniform the law among the various jurisdictions." OCGA § 11-1-102 (2) (c).

As SunTrust conceded below, the statute of limitation began to run at the time of the breach which occurred when Venable stopped making payments after November 2007. See *Radha Krishna, Inc. v. Desai*, 301 Ga. App. 638, 641 (2) (689

---

[2] See also *D. A. N. Joint Venture III v. Clark*, 218 SW3d 455, 458 (Mo. App. 2006); *Barnes v. Community Trust Bank*, 121 SW3d 520, 524 (Ky. App. 2003); *Scott v. Ford Motor Credit Co.*, 691 A2d 1320, 1326 (II) (Md. App. 1997). But see *North Carolina Nat. Bank v. Holshouser*, 247 SE2d 645, 646-646 (NC App 1978) (Article 2 statute of limitation did not apply where, in commentary, North Carolina Legislature specifically exempted from Article 2 all transactions that create any security interest, even though in the form of a sales contract); see also N. C. Gen. Stat. § 25-2-102.

SE2d 78) (2009). SunTrust, however, did not file this action until October 15, 2012, outside of the four-year statute of limitation. Accordingly, SunTrust's suit is time barred and the trial court erred in granting SunTrust's motion for summary judgment.[3]

*Judgment reversed. Barnes, P. J., Ellington, P. J., Dillard, McFadden, and Branch, JJ., concur. Andrews, P. J., dissents.*

---

[3] Since SunTrust's suit is time barred, we need not consider Venable's remaining contention.

7

A15A0791.  VENABLE v. SUNTRUST BANK.

ANDREWS, Presiding Judge, dissenting.

Venable's contract is a simple written contract and, as a result, a six-year statute of limitation applies to Suntrust Bank's action to collect on Venable's deficiency.  See OCGA § 9-3-24.  Because the majority incorrectly applies a four-year statute of limitation, I respectfully dissent.

As acknowledged by the majority, our starting point is OCGA § 9-3-24 which provides, in relevant part, that "[a]ll actions upon simple contracts in writing shall be brought within six years after the same become due and payable. However, this Code section shall not apply to actions for the breach of contracts for the sale of goods under Article 2 of Title 11[.]"  In such cases, OCGA § 11-2-725 (1) states that "[a]n action for breach of any contract for sale must be commenced within four years after the cause of action has accrued."  To determine whether Article 2 applies to a contract, we must consider that

> [w]hen the predominant element of a contract is the sale of goods, the
> contract is viewed as a sales contract and the UCC applies even though
> a substantial amount of service is to be rendered in installing the goods.
> When, on the other hand, the predominant element of a contract is the
> furnishing of services, the contract is viewed as a service contract and
> the UCC does not apply.

*Southern Tank Equip. v. Zartic, Inc.*, 221 Ga. App. 503, 503-504 (471 SE2d 587) (1996).

In that vein, Venable's contract gave "[Suntrust] a security interest in all property purchased in this transaction[.]" OCGA § 11-9-109 (1) provides that Article 9 applies to "[a] transaction, regardless of its form, that creates a security interest in personal property or fixtures by contract[.]" In contrast, Article 2 "applies to transactions in goods; it does not apply to any transaction which [...] is intended to operate only as a security transaction[.]"[1] OCGA § 11-2-102. Inasmuch as Venable's contract provided Suntrust with a security interest in the vehicle Venable purchased, Article 9 governs the contract. See OCGA § 11-9-109 (1).

This conclusion is buttressed by additional Georgia statutes which reveal that Article 9 controls Venable's contract. See OCGA § 11-9-601 *et seq*. For example, the contract's remedies for breach, including repossession of Venable's vehicle in the event of her default, are taken from Article 9. See OCGA §§ 10-1-36; 11-9-609 (a)

---

[1] Venable's argument that the contract is a sale because the contract is identified as a "Conditional Sale Contract" is unavailing. To the contrary, "the name which the parties give [a contract] is not conclusive." *Ford Motor Credit Co. v. Dowdy*, 159 Ga. App. 666, 667 (284 SE2d 679) (1981), overruled on other grounds, *Adams v. D & D Leasing Co.*, 191 Ga. App. 121 (381 SE2d 94) (1989).

(1). Similarly, several of our cases refer to Article 9 "as the statute applicable when a financed vehicle is repossessed and sold at auction and a deficiency judgment is sought." *Almand v. Reynolds & Robin, PC*, 485 F. Supp. 2d 1361, 1365 (M.D. Ga. 2007). See also *Corbin v. Regions Bank*, 258 Ga. App. 490, 492 (1) (574 SE2d 616) (2002); *Whitley v. Bank South*, 185 Ga. App. 896, 898 (3) (366 SE2d 182) (1988). Finally, Georgia's statutes governing motor vehicle titles describe such transactions as a "'secured transaction' that creates a 'security interest' in the lender" and refer to Article 9. See OCGA § 40-3-5; *Almand*, 485 F. Supp. 2d at 1365. Accordingly, Venable's contract is controlled by Article 9 ("Uniform Commercial Code - Secured Transactions"; see OCGA § 11-9-101). See OCGA § 11-9-109 (1). It follows that the proper limitation period applicable to Venable's contract is the six-year statute of limitation codified at OCGA § 9-3-24.

The majority's reliance upon dicta from *All Tech Co. v. Laimer Unicon, LLC*, 281 Ga. App. 579, 582 (3) (636 SE2d 753) (2006) is of no avail. In that case, "All Tech, a German company, sold goods, consisting of pumping equipment and components, to Laimer in the United States." Id. at 579. There is no mention of any service All Tech provided in conjunction with the sale of the equipment to Laimer Unicon (i.e., assembly, installation, technical advice or assistance, etc.). Compare

3

*Zartic*, 221 Ga. App. at 503-504. As a result, we concluded that the contract in that case was for the sale of goods. Id. at 582 (3). Here, not only did the parties' contract provide a security interest to Suntrust, see OCGA § 11-9-109 (1), but the entire transaction would not have been possible absent the funds Suntrust lent Venable pursuant to the contract. In other words, the predominant purpose of the contract was a service - the ability to purchase the vehicle - protected by a security interest. As a result, OCGA § 9-3-24 controls.

Because Suntrust's action to recover the deficiency amount following the sale of Venable's vehicle at auction was filed within six years of Venable's default, it was timely. See OCGA § 9-3-24. Because the majority concludes otherwise, I respectfully dissent.