ANDREWS, Presiding Judge,
dissenting.
Venable’s contract is a simple written contract and, as a result, a six-year statute of limitation applies to SunTrust Bank’s action to collect on Venable’s deficiency. See OCGA § 9-3-24. Because the majority incorrectly applies a four-year statute of limitation, I respectfully dissent.
As acknowledged by the majority, our starting point is OCGA § 9-3-24 which provides, in relevant part, that “[a]ll actions upon simple contracts in writing shall be brought within six years after the same become due and payable. However, this Code section shall not *348 apply to actions for the breach of contracts for the sale of goods under Article 2 of Title 11[.]” In such cases, OCGA § 11-2-725 (1) states that “[a]n action for breach of any contract for sale must be commenced within four years after the cause of action has accrued.” To determine whether Article 2 applies to a contract, we must consider that
[w]hen the predominant element of a contract is the sale of goods, the contract is viewed as a sales contract and the UCC applies even though a substantial amount of service is to be rendered in installing the goods. When, on the other hand, the predominant element of a contract is the furnishing of services, the contract is viewed as a service contract and the UCC does not apply.
(Citations and punctuation omitted.) Southern Tank & Equip. Co. v. Zartic, Inc., 221 Ga. App. 503, 503-504 (471 SE2d 587) (1996).
In that vein, Venable’s contract gave “[SunTrust] a security interest in all property purchased in this transaction^]” OCGA § 11-9-109 (a) (1) provides that Article 9 applies to “[a] transaction, regardless of its form, that creates a security interest in personal property or fixtures by contract[.]” In contrast, Article 2 “applies to transactions in goods; it does not apply to any transaction which ... is intended to operate only as a security transaction[.]”[4] OCGA § 11-2-102. Inasmuch as Venable’s contract provided SunTrust with a security interest in the vehicle Venable purchased, Article 9 governs the contract. See OCGA § 11-9-109 (a) (1).
This conclusion is buttressed by additional Georgia statutes which reveal that Article 9 controls Venable’s contract. See OCGA § 11-9-601 et seq. For example, the contract’s remedies for breach, including repossession of Venable’s vehicle in the event of her default, are taken from Article 9. See OCGA §§ 10-1-36; 11-9-609 (a) (1). Similarly, several of our cases refer to Article 9 “as the statute applicable when a financed vehicle is repossessed and sold at auction and a deficiency judgmentis sought .’’Almand v. Reynolds & Robin, RC., 485 FSupp.2d 1361, 1365 (M.D. Ga. 2007). See also Corbin v. Regions Bank, 258 Ga. App. 490, 492 (1) (574 SE2d 616) (2002); Whitley v. Bank South, 185 Ga. App. 896, 898 (3) (366 SE2d 182) (1988). Finally, Georgia’s statutes governing motor vehicle titles describe such transactions as *349 a “ ‘secured transaction’ that creates a ‘security interest’ in the lender” and refer to Article 9. See OCGA § 40-3-5; Almand, 485 FSupp.2d at 1365. Accordingly, Venable’s contract is controlled by Article 9 (“Uniform Commercial Code — Secured Transactions”; see OCGA § 11-9-101). See OCGA § 11-9-109 (a) (1). It follows that the proper limitation period applicable to Venable’s contract is the six-year statute of limitation codified at OCGA § 9-3-24.
Decided November 20, 2015
Reconsideration denied December 16, 2015
Skaar & Feagle, Kris K. Skaar, for appellant.
Lefkoff, Rubin, Gleason & Russo, Craig B. Lefkoff, for appellee.
J. Erik Heath, Charles R. Bliss, Anne E. Carder, Angela J. Riccetti, David A. Webster, amici curiae.
The majority’s reliance upon dicta from All Tech Co. v. Laimer Unicon, LLC, 281 Ga. App. 579, 582 (3) (636 SE2d 753) (2006) is of no avail. In that case, “All Tech, a German company, sold goods, consisting of pumping equipment and components, to Laimer in the United States.” Id. at 579. There is no mention of any service All Tech provided in conjunction with the sale of the equipment to Laimer Unicon (i.e., assembly, installation, technical advice or assistance, etc.). Compare Zartic, 221 Ga. App. at 503-504. As a result, we concluded that the contract in that case was for the sale of goods. All Tech Co. at 582 (3). Here, not only did the parties’ contract provide a security interest to SunTrust, see OCGA § 11-9-109 (a) (1), but the entire transaction would not have been possible absent the funds SunTrust lent Venable pursuant to the contract. In other words, the predominant purpose of the contract was a service — the ability to purchase the vehicle — protected by a security interest. As a result, OCGA § 9-3-24 controls.
Because SunTrust’s action to recover the deficiency amount following the sale of Venable’s vehicle at auction was filed within six years of Venable’s default, it was timely. See OCGA § 9-3-24. Because the majority concludes otherwise, I respectfully dissent.

 Venable’s argument that the contract is a sale because the contract is identified as a “Conditional Sale Contract” is unavailing. To the contrary, “the name which the parties give [a contract] is not conclusive.” Ford Motor Credit Co. v. Dowdy, 159 Ga. App. 666, 667 (284 SE2d 679) (1981), overruled on other grounds, Adams v. D & D Leasing Co., 191 Ga. App. 121 (381 SE2d 94) (1989).